IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MELVIN K. CHAPMAN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 14-3296 |
| | ) | |
| SIMPLEX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff Melvin K. Chapman, Sr., filed this Complaint asserting employment discrimination and civil rights claims pursuant to 42 U.S.C. § 1981 and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII). Pending before the Court is the Motion of Defendant Simplex, Inc., to Dismiss Count II or Strike Certain Paragraphs of the Complaint.

## I. FACTS[1]

---

[1]Because this matter is before the Court on a motion to dismiss, these facts are taken from the Complaint and are presumed true for purposes of this motion. The Court further draws all reasonable inferences in favor of the

Plaintiff Melvin K. Chapman, Sr., a black male, is a former employee of Defendant Simplex, Inc. The Defendant is a corporate entity engaged in the business of manufacturing load banks and fuel supply systems that work in conjunction with backup power control and delivery. It contracts with the United States Government and private businesses.

On or about March 13, 2006, the Plaintiff began his employment with the Defendant as a welder. On June 2, 2007, he was promoted to Computer Aided Design (CAD) Technician. The Plaintiff was the only black CAD Technician.

On August 23, 2013, the Plaintiff was provided with a performance appraisal that evaluated him as outstanding in attendance and adequate in all other areas of performance assessment. The same day, at 3:45 p.m., the Plaintiff was informed that he was being discharged due to a reduction in force coupled with low performance/productivity. The Plaintiff was a good worker, had never been disciplined by the Defendant and had never been told he was a low performer.

---

Plaintiff. See Thulin v. Shopko Stores Operating Co., LLC, 771 F.3d 994, 995 (7th Cir. 2014).

The Plaintiff was given a termination document to sign to which was added the letters "RIF" after the Plaintiff had signed it. Around the time of the Plaintiff's termination he had been working overtime. The Defendant offered shifting reasons for the Plaintiff's termination, stating once that performance was not a factor while at another time saying that low performance was a factor.

II.

In Count II, the Plaintiff asserts the Defendant intentionally discriminated against him in violation of Title VII by denying economic opportunities based on his race. The Defendant contends this claim must be dismissed because his EEOC charge alleged only termination based on race and age. The Plaintiff did not raise any other claims with the EEOC.

The Defendant asserts other allegations are outside the scope of the charge. Paragraphs 10 and 11 allege discrimination based on race when awarding raises, awarding pay increases, providing training opportunities and providing upgraded equipment.

Paragraph 12 states, "Plaintiff was subjected to racial prejudice in the

3

workplace; for example, a non-Black CAD Technician made a noose and displayed it next to his desk and referred to Black people as 'monkeys.'"

Paragraph 22 includes the allegation that Plaintiff was denied economic opportunities based on race.

The Defendant contends these claims relating to disparate treatment, hostile work environment and the denial of economic opportunities must be dismissed because they exceed the scope of the EEOC charge. Alternatively, the Defendant asserts the paragraphs should be stricken.

The Plaintiff prepared Charge No. 440-2014-02973 without the assistance of counsel. That charge provides, in part, "During my employment, I have been subjected to different terms and conditions of employment, including, but not limited to, lower wages than my co-workers."

The scope of an administrative charge brought against an employer is determined by considering the claims that were brought to the EEOC's attention. See Reynolds v. Tangherlini, 737 F.3d 1093, 1100 (7th Cir. 2013).

Additionally, even claims that were not part of the EEOC charge might be used as circumstantial evidence of the discriminatory act that is included in the charge. See Malin v. Hospira, Inc., 762 F.3d 552, 560-61 (7th Cir. 2014).

Upon drawing all inferences in favor of the Plaintiff, the Court finds that the Defendant has fair notice of the Plaintiff's claims. The Court declines at this stage to dismiss Count II or strike paragraphs 10, 11, 12 and 22.

Ergo, the Defendant's Motion to Dismiss Count II or Strike Paragraphs 10, 11, 12 and 22 [d/e 5] is DENIED.

This action is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of scheduling a discovery conference.

ENTER: January 27, 2015

    FOR THE COURT:

    s/Richard Mills
    Richard Mills
    United States District Judge